IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

VALDEZ JORDAN,

       Petitioner,

vs.                                              CIVIL NO. 16-cv-1297-DRH

NICHOLAS LAMB,

       Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in Lawrence Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his sentence. The underlying Petition was filed on December 1, 2016. Petitioner challenges his sentence on the grounds of prosecutorial misconduct and ineffective assistance of counsel. (Doc. 1).

Petitioner was sentenced to 35 years and 30 years concurrently on a charge of First Degree Murder and Armed Robbery on July 5, 2000 in Madison County, Illinois. (Doc. 1, p. 1). He pleaded not guilty, but a jury found him guilty. (Doc. 1, p. 2). Petitioner appealed the judgment to the Appellate Court of Illinois, Fifth Judicial District, which affirmed the trial court result on June 7, 2002. *Id.* The Supreme Court of Illinois denied Petitioner's appeal on October 2, 2002. (Doc. 1, p. 3). Petitioner filed a motion for post-conviction relief on April 2, 2003. *Id.* That motion is still pending. (Doc. 1, p. 4).

### Discussion

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Before a habeas action may be heard in federal court, a petitioner is required to exhaust his available remedies in state court, or else show cause and prejudice for the failure to exhaust. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). To exhaust his remedies, a state prisoner must fairly present his claim in each appropriate state court including a state supreme court with powers of discretionary review. *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000). A prisoner need not pursue all separate state remedies that are available to him but must give "the state courts one fair opportunity to pass upon and correct the alleged violations." *McAtee*, 250 F.3d at 509. Further, "[i]f a prisoner fails to present his claims in a petition for discretionary review to a state court of last

resort, those claims are procedurally defaulted." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999); *see also O'Sullivan*, 526 U.S. at 848.

Petitioner has affirmatively stated here that he has not exhausted his state court remedies. He argues that the state court's inexplicable delay in ruling on his motion for post-conviction relief excuses the exhaustion requirement in this case. (Doc. 2).

Federal habeas corpus relief is not the appropriate remedy for an allegation that a state court has inordinately delayed ruling on a collateral attack on a conviction. *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997) (quoting *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996)). However, "inordinate, unjustifiable delay in a state-court collateral proceeding excuses the requirement of petitioners to exhaust their state-court remedies before seeking federal habeas corpus relief." *Jackson*, 112 F.3d at 881 (citing, e.g., *Lane v. Richards*, 957 F.2d 363, 365 (7th Cir.1992)). Petitioner has alleged that he has been awaiting a ruling on his motion for post-conviction relief for more than 13 years. At the pleading stage, petitioner has sufficiently alleged that this amount of time may constitute an inordinate, unjustifiable delay that could potentially excuse the exhaustion requirement.

## Disposition

Accordingly, **IT IS HEREBY ORDERED** that respondent shall answer the Petition or otherwise plead within thirty (30) days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State

from making whatever waiver, exhaustion, or timeliness argument it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED**

**DATED: January 3, 2017**

Judge Herndon
2017.01.03
12:45:46 -06'00'

**United States District Court**