IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

VALDEZ JORDAN,

        Petitioner,

vs.

        Case No. 16-cv-1297-DRH-CJP

NICHOLAS LAMB,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is before the Court on respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Unexhausted (Doc. 15) as well as petitioner's Motion for Issuance of a Conditional Writ of Habeas Corpus (Doc. 2).

## Relevant Facts

In 2000, Valdez Jordan was convicted by a Madison County, Illinois, jury of armed robbery and first-degree murder. He was sentenced to concurrent prison terms of thirty and thirty-five years. Doc. 15, Ex. 2, p. 4.[1]

Jordan filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in December 2016. (Doc. 1). He asserts the following grounds for habeas relief:

> 1) Prosecutorial misconduct consisting of (a) the police elicited incriminating statements from Jordan in violation of his right to counsel; (b) knowing use of false testimony before the grand jury; (c) knowing use of false testimony at trial; and (d) denial of due process and a fair trial by the "totality of prosecutorial misconduct."

---

[1] The Court uses the document, exhibit and page numbers assigned by the CM/ECF system.

2) Ineffective assistance of trial counsel in that counsel (a) failed to file a motion to suppress statements obtained in violation of Jordan's right to counsel; (b) failed to file a motion to quash indictment; (c) failed to file a motion in limine to exclude the testimony of Tamala Hamilton; (d) failed to seek a continuance of trial to locate witness Monique Kimple; and (e) denial of effective assistance by the "totality of counsel's omissions and errors."

On direct appeal, Jordan argued that he was denied a fair trial by the introduction of a prior consistent statement to bolster the testimony of a state's witness and by the state's improper closing argument. His conviction was affirmed in June 2002. (Rule 23 Order on Direct Appeal, Doc. 15, Ex. 2, p. 54). His petition for leave to appeal was denied on October 2, 2002. (Ex. 2, p. 62).

On April 2, 2003, Jordan filed a postconviction petition in state court. Ex. 2, p. 64. That petition has been amended several times and remains pending. The combined docket sheet for Jordan's criminal case and postconviction petition is attached to Doc. 15, Ex. 2 at pp. 1-27.

## Applicable Law

28 U.S.C. §2254(b)(1)(A) prohibits a federal court from granting habeas relief to a person convicted in state court unless the petitioner has exhausted state court remedies. §2254(C) provides that "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

A habeas petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. *Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995). Before

seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999), see also 28 U.S.C. §2254(c). Under the Illinois two-tiered appeals process, a petitioner must fully present his claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one. *Id*. at 843-846.

## Analysis

**1. Petitioner's Motion for Issuance of a Conditional Writ**

In his motion for issuance of a conditional writ, Jordan argues inordinate delay in the adjudication of his state court motion for postconviction relief violates his due process rights and entitles him to a "conditional writ of habeas corpus."

The premise of petitioner's motion is faulty. An unjustifiable and inordinate delay in state court proceedings is not, as he assumes, grounds for habeas relief. *Jackson v. Duckworth*, 112 F.3d 878, 880 (7th Cir. 1997). Further, petitioner has no constitutional right to state collateral review of his conviction, and delay in processing a state postconviction petition does not violate his federal due process rights. *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996)

Thus, petitioner's motion for issuance of a conditional writ of habeas

corpus (Doc 2) is **DENIED**.

2. **Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Unexhausted (Doc. 15)**

The grounds asserted for habeas relief were not raised in petitioner's direct appeal. They are raised in his postconviction petition. See, Doc. 15, Ex. 2, p. 64. The petition was set for a stage three hearing on May 22, 2017. Ex. 2, p. 27. A check of that docket sheet today, of which this Court takes judicial notice, demonstrates that the state court judge took action relative to amending the petition and then continued the matter until July 24, 2017. http://www.clericusmagnus.com:8080/profoundui/start?pgm=EDOCS/WDI040CL&p1=%20MA&l1=3 (last seen May 23, 2017 12:45 P.M.) It is clear that petitioner has not exhausted his state court remedies and that those proceedings are active. The Supreme Court "has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 111 St. Ct. 2546, 2554-2555 (1991).

The exhaustion requirement does not apply where there is "an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §2252(b)(1)(B). State remedies may be deemed to be ineffective where there has been "[i]nordinate, unjustifiable delay." *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997).

Jordan's postconviction petition was filed in April 2003. Obviously, there

has been delay in the state court proceedings.  The issue is whether the delay is inordinate and unjustifiable.

A review of the state court docket sheet indicates that much of the delay was attributable to either petitioner or to his counsel.  Attorney Rand Hale was appointed to represent petitioner shortly after he filed his petition. Doc. 15, Ex. 2, p. 5.  Thereafter, Mr. Hale agreed to or moved for continuances on a number of occasions.  He was unavailable for a few settings because of a medical emergency.  The state also moved for continuances during this period, and some delay was occasioned by the state's tardiness in responding to discovery requests.  It must also be noted that, on a number of settings, Jordan was transported to the courthouse and met with Mr. Hale.  Ex. 2, pp. 5-15.

In July 2010, Jordan moved for leave to proceed pro se.  Mr. Hale was granted leave to withdraw as counsel.  Ex. 2, p. 15.  Thereafter, Jordan, proceeding pro se, filed discovery requests.  At least three hearings were held regarding his discovery request.  Many of the state's objections thereto were granted.  Jordan amended his petition.  He also moved for reconsideration of the ruling on his discovery requests and filed a motion for "investigative assistance from the court."  At court appearances in September and November 2010, Jordan informed the court that he was not ready for a hearing because he was working on an amended petition.  In an effort to assist with discovery, the court ordered the clerk of court to furnish Jordan with copies of documents from other court files.  Ex. 2, pp. 16-20.  In March 2013, Jordan amended his petition again.  In May

2013, he agreed to an extension of time for the state to answer. The state filed a motion to dismiss, and the court held a hearing on the motion in July 2013. Another hearing was held in September 2013. A hearing set in January 2014 had to be reset because of a flu epidemic at the prison. Ex. 2, pp. 21-23.

Then, in March 2014, Jordan requested that counsel be appointed to represent him. Mr. Hale was again appointed. Mr. Hale sought or agreed to several continuances. A stage three hearing was set for July 2015, but it was continued by agreement. In October 2015, Mr. Hale was hospitalized. A scheduling conference set in December 2015 was reset by agreement. A hearing scheduled in March 2016 was reset because of Mr. Hale's unavailability. A stage three hearing was set for October 2016, but Jordan filed a motion for the appointment of an attorney other than Mr. Hale in September 2016. That motion was denied in November. A stage three hearing was set for January 2017, but was continued by agreement. In February 2017, a stage three hearing was set for May 22, 2017. Ex. 2, pp. 23-27.

This Court's careful review of the state court docket sheet convinces it that the state court has not been simply ignoring petitioner's case and that much of the delay in the case has been attributable to petitioner and/or his counsel. Delay in state court proceedings that is attributable to petitioner or to his counsel is not "unjustifiable" within the meaning of §2254(b)(1)(B). *Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995). Therefore, this Court concludes that the delay here is not inordinate and unjustifiable.

In his reply, Doc. 17, Jordan again argues that delay in state court proceedings gives rise to a right to relief in a federal habeas proceeding. He cites *Harris v. Champion*, 15 F.3d 1538 (10th Cir. 1994). That is not the rule in the Seventh Circuit. *Jackson,* 112 F.3d at 880. In any event, the Tenth Circuit has clarified that a delay in state collateral proceedings does not create grounds for federal habeas relief. *Body v. Watkins*, 51 F. App'x 807, 810 (10th Cir. 2002)("[W]e agree with the Third and Seventh Circuits that state post-conviction delays do not give rise to independent due process claims that are cognizable under § 2254.")

Petitioner also criticizes the effectiveness of Mr. Hale's representation. However, because petitioner has no constitutional right to counsel in state collateral proceedings, he has no constitutional right to effective assistance of counsel. Counsel's performance cannot be the basis for finding that the delay in state court proceedings is inordinate and unjustifiable. *Sceifers*, 46 F.3d 701, 704 (7th Cir. 1995).

The exhaustion requirement is not a meaningless formality. Rather, it is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 111 S. Ct. 2546, 2555 (1991). Jordan must present his arguments for one full round of state court review before filing a federal habeas petition. He will have adequate time in which to file a habeas petition after exhausting state remedies, as the one-year statute of limitations is

tolled during the pendency of a "properly-filed" state postconviction petition. 28 U.S.C. §2244(d)(2).

## Conclusion

**Petitioner's** Motion for Issuance of a Conditional Writ of Habeas Corpus (Doc 2) is **DENIED**. Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Unexhausted (Doc. 15) is **GRANTED**. Valdez Jordan's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. The Clerk of the Court shall enter judgment.

**IT IS SO ORDERED.**

**DATE: May 23, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.05.23 12:48:31 -05'00'

**United States District Judge**

## Notice

If petitioner wishes to appeal the dismissal or denial of his petition, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

A certificate of appealability is required to appeal from the dismissal or denial of a §2254 petition. Rule 11 of the Rules Governing §2254 Cases requires that, when entering a final order adverse to the petitioner, the district court must issue or deny a certificate of appealability. Here, the Court has denied a certificate. In order to appeal the dismissal or denial of his petition, petitioner must obtain a certificate of appealability from the court of appeals.

Petitioner cannot appeal from this Court's denial of a certificate of appealability. Further, a motion to reconsider the denial does not extend the time for appeal. See, Rule 11(a).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the thirty day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.