IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

VALDEZ JORDAN,

Petitioner,

v.  No. 16-1297-DRH

NICHOLAS LAMB,

Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is Jordan's motion for relief from Judgment and Order pursuant to Federal Rules of Civil procedure [sic] 60. (b), (2), (6) [sic] (Doc. 44). Based on the following, the Court **DENIES** the motion.

In 2000, Valdez Jordan was convicted by a Madison County, Illinois, jury of armed robbery and first-degree murder. He was sentenced to concurrent prison terms of thirty and thirty-five years. On December 1, 2016, Jordan filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 (Doc. 1). He asserted the following grounds for habeas relief:

1) Prosecutorial misconduct consisting of (a) the police elicited incriminating statements from Jordan in violation of his right to counsel; (b) knowing use of false testimony before the grand jury; (c) knowing use of false testimony at trial; and (d) denial of due process and a fair trial by the "totality of prosecutorial misconduct."

2) Ineffective assistance of trial counsel in that counsel (a) failed to file a motion to suppress statements obtained in violation of Jordan's right to counsel; (b) failed to file a motion to quash indictment; (c) failed to file a motion in limine to exclude the testimony of Tamala Hamilton; (d) failed to seek a continuance of trial to locate

witness Monique Kimple; and (e) denial of effective assistance by the "totality of counsel's omissions and errors."

On May 23, 2017, the Court entered a Memorandum and Order dismissing without prejudice his petition for failure to exhaust state remedies (Doc. 24) and Judgment reflecting the same was entered (Doc. 25). Thereafter, the Court denied Jordan's motion for reconsideration on July 21, 2017 (Doc. 28). Jordan then filed a notice of appeal on August 18, 2017 (Doc. 30). On May 14, 2018, the Seventh Circuit Court of Appeals filed its mandate dismissing Jordan's appeal for lack of jurisdiction specifically finding:

> Valdez Jordan has filed a notice of appeal from the dismissal of his petition under 28 U.S.C. § 2254 and an application for certificate of appealability. The district court denied Jordan's request to excuse his failure to exhaust state remedies and dismissed the petition without prejudice. Such a dismissal is not a final, appealable order under 28 U.S.C. § 1291. *See Gacho v. Butler*, 792 F.3d 732, 735-36 (7th Cir. 2015); *Moore v. Mote*, 368 F.3d 754, 755 (7th Cir. 2011).
> Accordingly, we DISMISS the appeal for lack of jurisdiction. All pending motions, including the motions to proceed in forma pauperis and for appointment of counsel, are DENIED.

(Doc. 43-1). Still undeterred, Jordan filed the Rule 60 motion on May 23, 2018 arguing that newly discovered evidence has developed since the Court dismissed the case (Doc. 44).

The Seventh Circuit has held that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to either Rule 59(e) or Rule 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Different time-tables govern these motions. Different

standards also apply.  Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available.  *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007).  Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(b) motion.  However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal.  *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000).

Although both Rules 59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b). *See Helm v. Resolution Trust Corp.,* 43 F.3d 1163, 1166 (7th Cir. 1995); *see also Ball v. City of Chicago,* 2 F.3d 752, 760 (7th Cir. 1993) (distinguishing the "exacting standard" of Rule 60(b) from the "more liberal standard" of Rule 59(e)).

Jordan's motion was filed outside the 28 day window, thus Rule 60 governs. The Court finds that Jordan is not entitled to relief under the Rule 60 standard. After reviewing the record again, the Court finds that Jordan identifies no manifest error of law, newly discovered evidence, fraud, mistake, or excusable neglect that

dictates a different result. His motion merely takes umbrage with the Court's previous ruling and rehashes old arguments that have been addressed by the Court. Again Jordan takes issue with his appointed counsels. In a nutshell, Jordan argues that Mr. Hale's representation has rendered the state court proceedings void and that since Mr. Hale's retirement he has had two new attorneys and thus the proceedings have been delayed. As stated in the Court's previous Memorandum and Order: "However, because petitioner has no constitutional right to counsel in state court proceedings, he has no constitutional right to effective assistance of counsel. Counsel's performance cannot be the basis for finding that the delay in state court proceedings is inordinate and unjustifiable. *Sceifers*, 46 F.3d 701, 704 (7th Cir. 1995)." (Doc. 24, p. 7). In rendering this Order and the Memorandum and Order dismissing without prejudice Jordan's habeas corpus for failure to exhaust state remedies, the Court examined the record and the case law submitted by the parties and remains convinced of the correctness of its position. Thus, the Court denies Jordan's motion.

Accordingly, the Court **DENIES** Jordan's motion (Doc. 44).

If petitioner wishes to appeal the dismissal of the action or this Order, his notice of appeal must be filed with this court within thirty days of the date of this order. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee

(the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  It is not necessary for petitioner to obtain a certificate of appealability in an appeal from this petition brought under § 2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

Judge Herndon
2018.07.16
11:49:45 -05'00'

**United States District Judge**